Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426
StanM@Mallisonlaw.com
HectorM@Mallisonlaw.com
MPalau@Mallisonlaw.com

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GABRIEL CHAVEZ, JOSE GARCIA, FRANCISCO MURGUIA, JUAN MANUEL BERUMEN and JUAN AGUILERA AYALA, on behalf of themselves and all other similarly situated individuals,<br><br>PLAINTIFFS,<br><br>vs.<br><br>DENIS PETRISSANS AND NANCY PETRISSANS (doing business as “Jai Alai Diary”)<br><br>DEFENDANTS. | **Temp. Case No. 1:08-at-0052**<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR:**<br><br>**1. Violations of the Agricultural Workers Protection Act**<br>**2. Failure to Pay Overtime Wages**<br>**3. Failure to Pay Minimum Wages**<br>**4. Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof**<br>**5. Failure to Pay Split Shift Premiums**<br>**6. Failure to Pay Vacation Pay**<br>**7. Failure to Reimburse Employee Expenses**<br>**8. Failure to Pay Timely Wages Due at Termination**<br>**9. Failure to Maintain and Provide Accurate Itemized Employee Wage Statements and Records**<br>**10. Breach of Contract**<br>**11. Violation of Unfair Competition Law**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS GABRIEL CHAVEZ, JOSE GARCIA, FRANCISCO MURGUIA, JUAN MANUEL BERUMEN and JUAN AGUILERA AYALA (Collectively with the Class "PLAINTIFFS") bring this action against DENIS PETRISSANS AND NANCY PETRISSANS doing business as "Jai Alai Dairy" ("DEFENDANTS," "DEFENDANT" or "JAI ALAI"), on behalf of themselves, all others similarly situated, and the general public, and allege upon information and belief, which is based upon the investigation of their counsel, except as to the allegations concerning PLAINTIFFS or their counsel which are made upon PLAINTIFFS' personal knowledge as follows:

## I. NATURE OF THE ACTION

1. This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure to vindicate rights afforded the class by Federal and California law. This action is brought on behalf of PLAINTIFFS and a class of non-exempt employees employed by, or formerly employed by DEFENDANT, to secure and vindicate rights afforded them by the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), California Labor Code §§ 200 et. seq.; California Business and Professions Code §17200 et. seq.; and California Contract law.

2. DEFENDANT'S violations revolve around providing employees false and misleading information regarding the terms and conditions of employment with PLAINTIFFS and the Class, violating the terms of the working arrangement made with PLAINTIFFS and the Class, failing to pay wages when due, failing to pay its employees all wages owed, failure to pay minimum wages, and overtime, failure to provide rest and meal periods, failure to pay split shift premiums, failure to pay promised vacation pay, failure to reimburse employees for expenses reasonable incurred, and failure to comply with the record keeping, wage statement and payment deadline provisions of California law and AWPA and other violations as described herein. As a result of these violations, DEFENDANT has violated provisions of federal and California labor and California Business & Professions Code §§17200 et. seq. and violated its written contractual obligations (both express and implied) with its employees.

**JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT**

3. This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, pursuant to 29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq.; and by 28 U.S.C. §1337 as this action arising under Acts of Congress regulating commerce. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §2201 & 2202.

4. This Court has supplemental jurisdiction over the California state law and contract claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

5. Personal jurisdiction over DEFENDANT is proper because DEFENDANT is a California Corporation, or other business entity, licensed to do business and doing business in the State of California, with primary dairy facilities – the focus and genus of the illegal activity in this case - are located within California.

6. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391 because this District is the district in which PLAINTIFFS and the DEFENDANT resides and a district in which a substantial part of the events or omissions giving rise to the claims occurred and pursuant to 29 U.S.C. §1854.

**INTRADISTRICT ASSIGNMENT**

7. This case is properly assigned to the Fresno Division of the Eastern District of California pursuant to Local Rule 3-120(d) because the action arose in Kern County, California.

## II. PARTIES

**PLAINTIFFS**

8. Plaintiff GABRIEL CHAVEZ ("CHAVEZ") is a California resident. At all relevant times herein, CHAVEZ has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S dairy facilities at, or around, Arvin, California. CHAVEZ was

hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements. The text of any written or implied terms of contract are contained within records which DEFENDANT has control. However, by operation of law and implied into any employment contract, CHAVEZ must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008 and all other wages and conditions set by California Law and Wage Orders. CHAVEZ worked for DEFENDANT during Class Period defined below. CHAVEZ is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S dairy operations in or near Kern County at various times during the Class Period. As a result of DEFENDANT'S unlawful practices and violations of the Labor and Business & Professions Code, CHAVEZ has suffered injury in fact and has lost money or property.

9. Plaintiff JOSE GARCIA ("GARCIA") is a California resident. At all relevant times herein, GARCIA has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S dairy facilities at, or around, Arvin, California. GARCIA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements. The text of any written terms of contract are contained within records which DEFENDANT has control. However, by operation of law and implied into any employment contract, GARCIA must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008 and all other wages and conditions set by California Law and Wage Orders. GARCIA worked for DEFENDANT during Class Period defined below. GARCIA is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the

DEFENDANT'S dairy operations in or near Kern County at various times during the Class Period. As a result of DEFENDANT'S unlawful practices and violations of the Labor and Business & Professions Code, GARCIA has suffered injury in fact and has lost money or property.

10. Plaintiff FRANCISCO MURGUIA ("MURGUIA") is a California resident. At all relevant times herein, MURGUIA has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S dairy facilities at, or around, Arvin, California. MURGUIA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements. The text of any written terms of contract are contained within records which DEFENDANT has control. However, by operation of law and implied into any employment contract, MURGUIA must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008 and all other wages and conditions set by California Law and Wage Orders. MURGUIA worked for DEFENDANT during Class Period defined below. MURGUIA is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S dairy operations in or near Kern County at various times during the Class Period. As a result of DEFENDANT'S unlawful practices and violations of the Labor and Business & Professions Code, MURGUIA has suffered injury in fact and has lost money or property.

11. Plaintiff JUAN MANUEL BERUMEN ("BERUMEN") is a California resident. At all relevant times herein, BERUMEN has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S dairy facilities at, or around, Arvin, California. BERUMEN was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements. The text of any written terms of contract are contained within records which DEFENDANT has control. However, by

operation of law and implied into any employment contract, BERUMEN must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008 and all other wages and conditions set by California Law and Wage Orders. BERUMEN worked for DEFENDANT during Class Period defined below. BERUMEN is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S dairy operations in or near Kern County at various times during the Class Period. As a result of DEFENDANT'S unlawful practices and violations of the Labor and Business & Professions Code, BERUMEN has suffered injury in fact and has lost money or property.

12. Plaintiff JUAN AGUILERA AYALA ("AGUILERA-AYALA") is a California resident. At all relevant times herein, AGUILERA-AYALA has been employed by DEFENDANT as a non-exempt employee at DEFENDANT'S dairy facilities at, or around, Arvin, California. AGUILERA-AYALA was hired pursuant to written and implied contracts of employment impliedly or explicitly promising to pay in conformance with California wage and hour requirements. The text of any written terms of contract are contained within records which DEFENDANT has control. However, by operation of law and implied into any employment contract, AGUILERA-AYALA must be paid in conformance with California labor laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during 2007, and $8.00 for all hours worked after 2008 and all other wages and conditions set by California Law and Wage Orders. AGUILERA-AYALA worked for DEFENDANT during Class Period defined below. AGUILERA-AYALA is, or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is, or was, employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANT to work in the DEFENDANT'S dairy operations in or near Kern County at various times during the Class Period. As a result of DEFENDANT'S unlawful practices and violations of the Labor and

Business & Professions Code, AGUILERA-AYALA has suffered injury in fact and has lost money or property as a result. Further, AGUILERA-AYALA was unlawfully terminated on or about January 6, 2008 due to his efforts to vindicate his rights as a worker and for engaging in concerted activity with other workers employed by DEFENDANT regarding the violations alleged herein.

13. On information and belief, PLAINTIFFS' and the Class' injury-in-fact amounts to many millions of dollars, if not more. PLAINTIFFS, and each member of the Class they seek to represent, were regularly subjected to, or had personal knowledge of, the violations described in this Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.

**DEFENDANT**

14. DEFENDANTS DENIS PETRISSANS AND NANCY PETRISSANS, doing business as "JAI ALAI" ("DEFENDANT" or "JAI ALAI"), operate a dairy that employs PLAINTIFFS and Class Members at the following locations: 26101 Edison Road, Arvin California 93203; 5257 Sandrini Road, Bakersfield California 93307; and 141 Chino Ave, Ontario California, 91761. The Business Mailing address is 5257 Sandrini Road, Bakersfield California 93307. On information and belief each Defendant violated or caused the violations at issue in this complaint and their actions were knowing, willful, intentional and deliberate. Each Defendant is responsible in some manner for the occurrences herein alleged, and the damages herein alleged were actually and proximately caused by each Defendant's conduct.

15. PLAINTIFFS are informed and believe and thereon allege that at all times mentioned herein, DEFENDANTS were acting as the agent of every other Defendant, and all acts alleged to have been committed by any Defendant were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized or ratified each such act. Plaintiffs are informed and believe and thereon allege that each Defendant was the agent, employee, coconspirator, business affiliate, subsidiary, parent

entity, owner and/or joint venturer of each other Defendant; and, in causing the injuries herein alleged, each Defendant was acting at least in part within the course and scope of such agency, employment, conspiracy, joint employership, alter ego status, and/or joint venture, and with the permission and consent of each of the other Defendants.

## III. FACTUAL BACKGROUND

17. This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the California Labor Code, California Business and Professions Code §§ 17200 et seq., and California contract law. This action is brought on behalf of PLAINTIFFS and a Class comprising all non-exempt agricultural workers employed or formerly employed by DEFENDANTS at DEFENDANTS' California dairy facilities. The action seeks recovery of wages and compensation due and owing to PLAINTIFFS and the Class under federal and California laws for the maximum period allowed to the present (the "Class Period"), as set out below. For at least four years prior to the filing of this action and to the present, DEFENDANTS systematically maintained and enforced against its non-exempt employees, including PLAINTIFFS and Class Members, among others, the following unlawful practices and policies in violation of Federal and state wage and hour laws, including:

a. failing to pay minimum wages to Class members and PLAINTIFFS in conformance with Federal and California law, by (1) forcing Class Members and PLAINTIFFS to work "off-the-clock" without compensation; (2) paying Class members and PLAINTIFFS a salary that did not account for all hours worked; and (3) paying PLAINTIFFS and Class Members a set daily amount even though such employees routinely exceeded 8 hours;

b. failing to provide Class Members, including PLAINTIFFS, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof,

and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided, in violation of California and Federal law;

c. requiring Class Members, including PLAINTIFFS, to work at least five (5) hours without a meal period, and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided, in violation of California and Federal law;

d. failing to provide split-shift pay to Class Members and PLAINTIFFS;

e. failing to pay Class Members, including PLAINTIFFS, premium overtime wages in accordance with California Labor Code provisions and Industrial Welfare Commission Wage Orders, as well as other Federal and California laws;

f. failing to pay Class Members, including PLAINTIFFS, the promised vacation pay in violation of California and Federal law;

g. failing to pay Class Members, including PLAINTIFFS, wages due at voluntary or involuntary termination in violation of California and Federal law;

h. failing to maintain and provide to Class Members, including PLAINTIFFS, accurate itemized wage statements as required by the California Labor Code and other State and Federal laws;

i. failing to pay Class Members, including PLAINTIFFS, statutory penalties pursuant to California Labor Code §§ 201, 202, 203 and other Federal and California laws;

j. forcing Class Members and PLAINTIFFS to purchase, use, and/or maintain tools and equipment (including gloves, scissors, and automobile), but failing to reimburse them for these expenses at their fair rental value,

in violation of California Labor Code §2802 and other Federal and California laws;

k. breach of contract;

l. violation of unfair competition law;

m. violation of the terms of the "working arrangement" pursuant to AWPA and state law;

n. failure to pay wages when due pursuant to AWPA and state law and other issues; and

o. failure to disclose or false representations regarding the terms and conditions of employment and other violations described in this complaint.

18. On information and belief, PLAINTIFFS allege that DEFENDANTS were on notice of the violations alleged herein and intentionally refused to rectify them, and that the violations herein alleged, during all relevant times, were committed willfully and deliberately.

19. PLAINTIFFS, on behalf of themselves and all Class Members, pursuant to AWPA, 29 U.S.C. §§ 1801 et seq., seek declaratory relief, statutory damages, actual damages, interest, and/or injunctive relief for the violations herein alleged.

20. PLAINTIFFS, on behalf of themselves and a Class of non-exempt dairy employees employed by, or formerly employed by DEFENDANTS, bring this action for damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit; as well as for restitution, restitutionary disgorgement and other remedies for DEFENDANTS' failure to comply with the laws herein alleged.

21. During all relevant times herein, DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages that DEFENDANTS owe to Class Members, including PLAINTIFFS, because DEFENDANTS failed to implement and preserve a record-keeping method to record all hours worked and wages earned by their employees, as required for non-exempt employees by California Labor Code §§ 226 and 1174(d), and the IWC wage orders.

22. DEFENDANTS have violated California Labor Code § 226(a) by failing accurately to itemize and report in wage statements all wages earned and total hours worked by PLAINTIFFS and members of the proposed class. PLAINTIFFS and Class Members are therefore entitled to statutory penalties not to exceed $4000 for each employee pursuant to Labor Code § 226(e).

## IV. CLASS ACTION ALLEGATIONS

24. PLAINTIFFS bring this action on behalf of themselves and all other similarly situated individuals, pursuant to the Federal Rule of Civil Procedure 23, because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. PLAINTIFFS seek to represent the following Rule 23 Class:

> All non-exempt employees who are or have been employed by DEFENDANTS in California at any time within four (4) years of the filing of this Complaint through the date of final disposition of this action.

25. On information and belief, the legal and factual issues are common to the Class and affect all Class Members. PLAINTIFFS reserve the right to amend or modify the class description with greater specificity or further division into subclasses, as well as to limit the class or subclasses to particular issues.

### A. Numerosity

26. The potential members of the Class as defined are so numerous that joinder of all of them is impracticable. While the precise number of Class Members has not been determined at this time, PLAINTIFFS are informed and believe that DEFENDANTS have employed 100 persons or more, during the relevant time period, who are or have been affected by DEFENDANTS' unlawful practices as alleged herein.

27. Joinder of all members of the proposed Class is further impracticable because such members are largely, if not wholly, low-wage, Spanish-speaking workers with little knowledge of the labor laws or federal court system.

28. Upon information and belief, PLAINTIFFS allege that DEFENDANTS' employment records would provide information as to the number and location of all Class

Members.

**B. <u>Commonality</u>**

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether DEFENDANT provided PLAINTIFFS and Class Members with false and misleading information regarding the terms and conditions of employment in violation of AWPA or failed to provide certain Class members with such terms and conditions;

b. Whether DEFENDANT breached the terms of the working agreement made with PLAINTIFFS and Class Members in violation of AWPA;

c. Whether DEFENDANT failed to pay wages due PLAINTIFFS and Class Members in violation of AWPA;

d. Whether DEFENDANT violated Federal law and/or the California Labor Code and Wage Orders by not compensating PLAINTIFFS and other Class Members for all hours worked at minimum or contractual rates;

e. Whether DEFENDANT violated Federal law, the California Labor Code and and/or IWC Wage Orders by compensating PLAINTIFFS and other Class Members at hourly wage rates below the overtime rate;

f. Whether DEFENDANT violated Federal law, the California Labor Code and/or IWC Wage Orders by failing to pay promised vacation pay;

g. Whether DEFENDANT violated Federal law, the California Labor Code and or IWC Wage Orders by failing to (1) provide daily rest periods to PLAINTIFFS and other Class Members for every four hours or major fraction thereof worked and (2) compensate such employees

one hours' wages in lieu of rest periods;

h. Whether DEFENDANT violated Federal law, the California Labor Code and/or IWC Wage Orders by failing to (1) provide required meal periods to PLAINTIFFS and other Class Members and (2) compensate said employees one hours' wages in lieu of meal periods;

i. Whether DEFENDANT violated Federal law, the California Labor Code and/or IWC Wage Orders by failing to, among other things, maintain accurate records of PLAINTIFFS' and other Class Members' earned wages and work periods, itemize all hours worked and wages earned, and accurately maintain other records pertaining to PLAINTIFFS and the other Class Members;

j. Whether DEFENDANT violated Federal law, the California Labor Code and/or IWC Wage Orders by failing to pay all earned wages and/or premium wages due and owing at the time that the employment of any Class Members, including PLAINTIFFS, was terminated;

k. Whether DEFENDANT violated Federal law and/or the California Labor Code, including § 2802, by failing to compensate PLAINTIFFS and other Class members for necessary or employer required expenses;

l. Whether DEFENDANT violated §§ 17200 et seq. of the Business and Professions Code by the actions alleged in this complaint;

m. Whether Plaintiffs are entitled to relief under AWPA for the violations described in this Complaint regarding the working arrangement and failure to pay wages due;

n. Whether Defendants breached their contracts with employees by the actions complained-of herein; and

o. Whether PLAINTIFFS and other Class Members are entitled to damages, restitution, statutory penalties, premium wages, declaratory,

injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to Federal law, California Labor Code and Wage Orders, and Business and Professions Code §§ 17200 *et seq*.

There are no individualized factual or legal issues for the court to resolve other than the application of a formula to DEFENDANT'S payroll databases to calculate each Class Members' damages.

**C. <u>Typicality</u>**

30. PLAINTIFFS' claims are typical of the Class' claims. PLAINTIFFS and all members of the Class sustained injuries and damages arising out of and caused by DEFENDANT'S common course of conduct in violation of California and Federal laws, regulations and statutes.

**D. <u>Adequacy of Representation</u>**

31. PLAINTIFFS will fairly and adequately represent and protect the interests of Class Members. PLAINTIFFS have no interests which are adverse to the Class. Counsel who represent PLAINTIFFS are competent and experienced in litigating large, employment class actions.

**E. <u>Superiority of Class Action</u>**

32. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANT'S unlawful policy and/or practices described herein. Class Members are unlikely to otherwise obtain effective representation to ensure full enforcement of their rights absent class certification.

33. Class action treatment will allow those similarly situated individuals to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties likely to be encountered in the

management of this lawsuit that would preclude its maintenance as a class action.

## V. CAUSES OF ACTION

34. All causes of action described here in are brought by PLAINTIFFS individually and on behalf of the Class.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF AWPA)**

35. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

36. As described in this complaint, DEFENDANTS intentionally violated PLAINTIFFS' and the Class Members' rights under AWPA by:

- providing false and misleading information regarding the terms and conditions of employment of PLAINTIFFS and Class Members or failing to provide such information where required;
- failing to create, maintain, and preserve accurate payroll records for each Plaintiff and Class Member for each pay period;
- violating the terms of the working arrangement made with Plaintiffs in California; and/or by
- failing to pay wages when due.

37. For each violation of AWPA, each member of the Class is entitled to recover his or her actual damages or up to $500 per violation in statutory damages. 29 U.S.C. § 1854.

**SECOND CAUSE OF ACTION**

**(FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION)**

38. PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

39. IWC Wage Orders provide for Overtime compensation. These Wage Orders are authorized under California Labor Code § 1185.

41. California Labor Code § 500 defines "workday" and "day" as any consecutive,

24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

42. As described herein, DEFENDANTS violated the above Wage Orders by employing PLAINTIFFS and the Class in excess of the limits provided by these wage orders without time and one-half or double-time pay.

43. PLAINTIFFS, individually and on behalf of the Class, may enforce these provisions pursuant to Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

44. These provisions may also be enforced by PLAINTIFFS individually and on behalf of the Class pursuant to Business and Professions Code §§17200 et seq.

45. WHEREFORE, PLAINTIFFS and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees, and costs of suit pursuant to California Labor Code §1194(a).

## THIRD CAUSE OF ACTION

## (FAILURE TO PAY MINIMUM WAGE)

46. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

47. DEFENDANT failed to pay minimum wage "for all hours worked." For example, PLAINTIFFS and the Class were forced to work "off-the-clock" by having to be on-site and ready to work at least 10 minutes before the shift started; having to perform various duties that lasted up to 30 minutes or more, such as hauling hay, after the shift ended; and having to perform "donning and doffing" work– putting on and taking off special gear at the work site. PLAINTIFFS were not compensated for this ("off the clock" ) time worked.

48. California Labor Code §1197, entitled "Pay of Less Than Minimum Wage,"

states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

49. The applicable minimum wages fixed by the commission for work during the years 2002-2006 is found in the IWC Wage Orders, which state that:

> Every employer shall pay to each employee wages not less than . . . six dollars and seventy-five cents ($6.75) per hour for all hours worked effective January 1, 2002 . . .

These Orders were recently amended to provide for a minimum wage of $7.50 per hour performed during 2007, and $8.00 per hour for work performed in 2008.

50. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

52. As described in California Labor Code §§1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

53. California Labor Code §1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

54. DEFENDANTS have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages with the intent to secure a discount upon this indebtedness, as well as to annoy, harass, oppress, hinder, delay or defraud PLAINTIFFS and the Class.

55. As a result of DEFENDANTS' violations of the minimum wage requirement for failure to record and pay wages for all hours worked, DEFENDANTS violated California Labor Code §226(a) and the IWC Wage Orders, inaccurately stating gross wages earned, total hours

worked, deductions, net wages, gross wages, and other issues as described above. Because these violations were intentional and willful, DEFENDANT consequently violated California Labor Code §226.6, which provides that a violation of § 226 is a misdemeanor.

56. WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid minimum wages, liquated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**FOURTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE REST PERIODS AND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF)**

57. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

58. PLAINTIFFS allege that the Class, including PLAINTIFFS, worked for periods of more than five hours without a duty-free meal period of at least thirty minutes, and were not provided with or authorized and/or permitted to take full ten-minute rest periods while in the employ of DEFENDANTS.

59. PLAINTIFFS allege that the Class, including PLAINTIFFS, were not compensated by DEFNDANTS for failure to provide meal periods or failure to provide, authorize or permit rest periods.

60. California Labor Code §226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

63. DEFENDANTS violated California Labor Code § 226.7 and the applicable Wage Orders by failing to provide, authorize and/or permit mandated meal periods. As such, DEFENDANT is liable for one hour of additional pay at each respective employee's regular rate

of compensation for each work day that meal periods were not provided.

66. DEFENDANT also violated California Labor Code §226.7 and the applicable wage orders by failing to authorize and permit rest periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

67. PLAINTIFFS and, on information and belief, the Class Members they seek to represent, did not voluntarily or willfully waive rest and/or meal periods. Any express or implied waivers obtained from PLAINTIFFS and/or Class Members was not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of an unlawful contract of adhesion. DEFENDANT did not provide, permit or authorize PLAINTIFFS and, on information and belief, Class Members to take meal and/or rest periods in accordance with law.

68. By failing to keep adequate time records as required by California Labor Code §§ 226 and 1174(d) and other sections of the Labor Code and the wage orders, DEFENDANT have injured PLAINTIFFS and Class Members and made it difficult to calculate the unpaid additional wages due PLAINTIFFS and Members of the Class.

69. As a result of the unlawful acts of DEFENDANT, the PLAINTIFFS and the Class they seek to represent have been deprived of premium wages, which is an amount resulting directly from the acts complained of. PLAINTIFFS do not possess information reflecting the number of workdays or total amount of wages owed to the Class as a result of DEFEDANT'S illegal activities. DEFENDANT has possession of this information and the amount of damages can be calculated after discovery of documents and evidence in DEFENDANT'S possession, PLAINTIFFS are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §1194(a). PLAINTIFFS do not seek any special damages which do not arise from the wrongful act itself, but depend on the circumstances peculiar to each individual instance of wrongdoing.

70. WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit

pursuant to California Labor Code §1194(a).

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY SPLIT SHIFT WAGES**

(CALIFORNIA LABOR CODE §§ 1197, 1194(a), 1194.2, IWC WAGE ORDERS)

71. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

72. DEFENDANTS failed to pay split shift wages. In particular, PLAINTIFFS and the Class were required to work shifts split by non-paid, non-working periods of time established by DEFENDANTS that were not bona fide meal periods.

73. California Labor Code §1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

74. The applicable split-shift wage fixed by the commission is found in IWC Wage Orders which state:

> When an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment.

75. The definition of split shift is defined in these Wage Orders as:

> "Split shift" means a work schedule which is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal periods.

76. The Minimum Wage Provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil

> action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

77. California Labor Code §1194.2 states:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

78. As such, PLAINTIFFS, individually and on behalf of the Class, may bring this action for minimum split-shift wages, interest, costs of suit, and attorney's fees pursuant to §1194(a).

79. WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid split shift minimum wages, liquidated damages in an amount equal to the wages unlawfully unpaid, interest thereon, and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY ACCRUED VACATION**

80. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

81. At all relevant times, PLAINTIFFS and other Class members were employees of DEFENDANT covered by Labor Code § 227.3.

82. Pursuant to Labor Code § 227.3, PLAINTIFFS and other Class Members were entitled to use of or payment for all vacation time accrued during their employment with DEFENDANT.

83. DEFENDANT employed an illegal vacation policy in that it paid $500 for vacation benefits at the end of one year and $1000 at the end of two years but employees who were terminated prior to completion of either of these landmarks were not paid the proportional

vacation-pay amount that had vested and accrued under California law. DEFENDANT failed to pay PLAINTIFFS and members of the Class for all accrued vacation upon termination, or allow PLAINTIFFS and members of the Class to use all accrued vacation during their employment, in violation of Labor Code § 227.3. PLAINTIFFS are informed and believe and thereon allege that at all relevant times with the applicable limitations period, DEFENDANT maintained and continues to maintain a policy or practice of not letting employees use accrued vacation and/or taking accrued vacation time not used by employees. Furthermore, accrued vacation time that DEFENDANT did not let employees use or that DEFENDANT took away has not been paid to them as wages at the time of termination as required by Labor Code § 227.3.

84. As a result of DEFENDANTS' unlawful conduct, PLAINTIFFS and the Class have suffered damages, in amounts subject to proof, to the extent they were not paid upon termination or allowed to use all of their accrued vacation time.

85. WHEREFORE, PLAINTIFFS and Class Members are therefore entitled to recover the full amount of their unpaid vacation time, interest thereon, reasonable attorney's fees and costs of suit pursuant to California labor Code §1194.2.

## SEVENTH CAUSE OF ACTION

## (FAILURE TO INDEMNIFY EMPLOYEES FOR ALL NECESSARY EXPENDITURES OR LOSSES INCURRED)

86. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

87. Labor Code § 2802 states that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

88. Subsection (c) of Labor Code §2802 further states that "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including,

but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

89. In this case, PLAINTIFFS and the class was required to incur expenses in procuring reasonable and necessary tools, uniforms, or other equipment to complete their work.

90. WHEREFORE, PLAINTIFFS and the Class are entitled to reimbursement for necessary expenditures and losses incurred by PLAINTIFFS and Class Members in direct consequence of the discharge of their duties, or of their obedience to the directions of DEFENDANTS, and as well as interest thereon, costs of suit and attorney's fees, pursuant to §2802(c).

**EIGHTH CAUSE OF ACTION**

**(FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION)**

91. PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

92. California Labor Code Section 201(a) states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

93. California Labor Code Section 202(a) states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

94. DEFENDANT willfully failed to timely pay PLAINTIFFS and a large portion of the proposed Class all of their wages due for work performed and this failure continued through the time in which PLAINTIFFS and certain Class Members quit or were discharged from their employment with DEFENDANT. As a result, DEFENDANT violated California Labor Code §§ 201 and 202.

95. California Labor Code §203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

96. The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code §17208. As noted above, DEFENDANT violated California Labor Code §§ 201 and 202 by failing to pay non-exempt employees who quit, were involuntarily terminated, released after a specific job assignment or time duration, or were otherwise discharged all of the wages due pursuant to the timelines provided in those sections. DEFENDANT willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

97. PLAINTIFFS and the Class they seek to represent are entitled to compensation for all forms of wages earned, including but not limited to compensation for work done "off-the-clock" and/or at hourly rates below the minimum wage; overtime premium wages; additional wages for unprovided rest and meal periods; and for other claims described in this complaint for which PLAINTIFFS and the Class have received no compensation to date, therefore entitling them to penalties under Labor Code § 203.

98. More than 30 days have passed since PLAINTIFFS and many affected Class Members have left DEFENDANT'S employ, and on information and belief, have not received payment pursuant to Labor Code §§ 201, 202 and 203. As a consequence of DEFENDANT'S willful conduct in not paying all earned wages, PLAINTIFFS and certain Class Members are entitled to between one and 30 days' wages as a premium wage or penalty under California Labor Code §203.

99. WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to California Labor Code §203 penalties in amounts to be determined at trial.

## NINTH CAUSE OF ACTION

## (KNOWING AND INTENTIONAL FAILURE TO MAINTAIN AND PROVIDE ACCURATE, ITEMIZED EMPLOYEE WAGE STATEMENTS)

100. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

101. California Labor Code Section 226(a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing
>
> i) gross wages earned,
>
> ii) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
>
> iii) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
>
> iv) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
>
> v) net wages earned,
>
> vi) the inclusive dates of the period for which the employee is paid,
>
> vii) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
>
> viii) the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

102. DEFENDANT failed to provide “accurate itemized statements” to PLAINTIFFS and Class Members because the wage statements:

a. Falsely understated the gross wages earned by failing to pay for all hours worked

b. Failed to State the total hours worked by PLAINTIFFS and Class by ignoring the total of hours actually worked.

c. Falsely understated the net wages earned by failing to pay for all hours worked.

d. Falsely understated the "number of hours worked at each hourly rate."

PLAINTIFFS and the Class suffered injury as a result of the above false wage statements.

103. California Labor Code 226(e) and (g) provides for the remedy for the violations described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
>
> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

104. In addition, §1174 of the California Labor Code, and Section 7 of the Wage Orders, require DEFENDANT to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. DEFENDANT have created a uniform practice of knowingly and intentionally failing to comply with California Labor Code §1174. The failure of DEFENDANT, and each of them, to comply with California Labor Code § 1174 is unlawful pursuant to California Labor Code § 1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

105. By failing to keep adequate time records required by §§ 226 and 1174(d) of the California Labor Code, DEFENDANTS have injured PLAINTIFFS and Class Members and

made it difficult to calculate the unpaid wages due to PLAINTIFFS and the Class and PLAINTIFFS and each Class member so injured is entitled up to $4,000.00 in penalties.

106. WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to California Labor Code §226(e) in an amount to be determined at trial, not to exceed $4,000 per PLAINTIFFS and Class Members, cost of suit, attorneys' fees and injunctive relief per California Labor Code §226(g).

**TENTH CAUSE OF ACTION**

**(BREACH OF WRITTEN OR IMPLIED CONTRACT)**

107. PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

108. The DEFENDANT entered into written and implied employment contracts with PLAINTIFFS and the Class. The terms of this contract are written on the wage statements for employees as required by California Labor Code § 226. Further, all applicable sections of the California Labor Code and Wage Orders are incorporated into said written or implied employment contracts with PLAINTIFFS and the Class Members by operation of law.

109. DEFENDANTS breached the contracts of employment into which they entered with PLAINTIFFS and Class Members by failing to comply with the promised terms and conditions of employment.

110. PLAINTIFFS and Class Members were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract.

111. As a direct consequence of DEFENDANTS' breach of the employment contract, PLAINTIFFS and the Class suffered substantial injury.

**ELEVENTH CAUSE OF ACTION**

**(UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION LAW)**

112. PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

113. DEFENDANTS engaged in unlawful activity prohibited by Business and Professions Code §§17200 et seq. The actions of DEFENDANTS, as alleged within this complaint, constitute unlawful and unfair business practices with the meaning of Business and Professions Code §§17200 et seq.

114. As described above, DEFENDANTS have conducted the following unlawful activities:

- violation of California Labor Code § 201 by failing to pay all wages earned and unpaid at the time of certain Class Members' discharge from employment by DEFENDANTS;
- violation of California Labor Code § 202 by failing to pay all wages earned within 72 hours of the time of quitting of certain Class Members from their employment by DEFENDANTS;
- violation of California Labor Code § 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by DEFENDANTS to be due;
- violation of California Labor Code § 216 by willfully refusing to pay wages due and payable by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for DEFENDANTS any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, the Class Members to whom such indebtedness is due;
- violation of California Labor Code § 223 by secretly paying a lower wage to Class Members while purporting to pay the wage designated by statute or by contract;
- violation of California Labor Code § 226 by failing to provide Class Members with accurate wage statements;
- commission of a criminal misdemeanor in violation of California Labor Code § 226.6 by knowingly and intentionally violating the provisions of California Labor Code § 226;
- violation of California Labor Code § 226.7 by requiring Class Members to work during meal and rest periods mandated by the applicable Wage Order and failing to provide said Class Members one (1) hour additional wages at these non-exempt employee's regular rate of compensation for each work day that the meal or rest period was not provided;
- violation of IWC wage orders by failing to pay overtime and minimum wages;
- violation of California Labor Code §§ 1182.11 and 1197 by failing to pay at least the minimum wage for all hours worked by Class Members;

- violation of California Labor Code § 1194 by failing to pay minimum and/or overtime wages for all hours worked by Class Members;
- violation of California Labor Code § 1194.2 by failing to liquidated damages for failure to pay minimum wages for all hours worked by Class Members;
- violation of California Labor Code § 2802 by failing to indemnify its employees, the Class Members, for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties and their obedience to the directions of DEFENDANTS;
- violation of the covenant of good faith and fair dealing and breach of contract by failing to comply with promised terms and conditions of employment.
- Violation of AWPA provisions as described herein
- Violation of other federal and state labor code provisions

115. DEFENDANTS' activities also constitute unfair practices in violation of Cal. Bus. & Prof. Code §§17200 et seq., because DEFENDANTS' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and the Class.

116. As a result of DEFENDANTS' violations of the Labor Code and unlawful practices alleged herein, PLAINTIFFS have suffered injury-in-fact and have lost money or property. This injury-in-fact and lost money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code as detailed in this complaint and other resulting harms. A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in DEFENDANTS' control. PLAINTIFFS are entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. PLAINTIFFS are also seeking in the alternative, by this class action, restitutionary disgorgement.

117. As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class they seek

to represent. DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the members of the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are unjustly enriched through their failure to pay legal and contractual wages, and/or other remedies. PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and members of the Class are prejudiced by DEFENDANTS' unfair trade practices.

118. As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFFS, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and members of the Class as a result of the business acts and practices described herein and enjoining DEFENDANTS to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code §17208 including any tolling.

119. The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANTS will refrain from such activity in the future. PLAINTIFFS believe and allege that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to violate California and federal labor laws. PLAINTIFFS further request that the court issue a preliminary and permanent injunction.

12. WHEREFORE, PLAINTIFFS and the Class PLAINTIFFS seeks to represent request relief as described herein and below.

## VI. PRAYER

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. That the Court determine that this action may be maintained as a class with the named PLAINTIFFS appointed as class representatives;

2. For the attorneys appearing on the above caption to be named class counsel;

3. For compensatory damages in an amount according to proof with interest thereon;
4. For a declaratory judgment that each of the DEFENDANTS violated PLAINTIFFS' and Class Members' rights under AWPA, California Labor and Business and Professions Code as set forth in the preceding paragraphs; and that DEFENDANTS violated written and implied contracts with PLAINTIFFS and the Class Members;
5. That DEFENDANTS be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;
6. That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;
7. For premium pay, wages, and penalties;
8. For attorneys' fees, interest and costs of suit;
9. For liquidated damages;
10. For reimbursement of employee expenditures;
11. For Damages;
12. For all other relief provided by the AWPA, the California Labor Code, California Business and Professions Code and California contract law;
13. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand trial of their and the Class' claims by jury to the extent authorized by law.

Dated: January 24, 2008.

LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Ave, Suite A
Lafayette, CA 94549
Phone: (925) 283-3842
Facsimile: (925) 283-3426

By: /s/ Stan S. Mallison____________________
Stan S. Mallison

By: /s/ Hector R. Martinez__________________
Hector R. Martinez

Attorneys for PLAINTIFFS