# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAVEZ et al, on behalf of themselves and all other similarly situated individuals, | 08 cv 00122 LJO GSA |
| Plaintiffs, | ORDER GRANTING MOTION TO COMPEL IN PART |
| v. | ORDER TO SEAL |
| DENNIS PETRISSANS AND NANCY PETRISSANS (doing business as "Jai Alai Diary") | (Document 16) |
| Defendants. | |

Plaintiffs individually and on behalf of all others similarly situated filed the instant discovery motion on July 25, 2008. The matter was heard on August 29, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge. Stan Mallison appeared on behalf of Plaintiffs. Sue Ann Cercone appeared on behalf of Defendants.

**BACKGROUND**

On March 13, 2008, Plaintiffs filed a First Amended Complaint alleging failure to comply with state and federal labor laws. Specifically, Plaintiffs are bringing a class action case pursuant to F.R.C.P Rule 23 to recover wages, damages, and certain penalties for Defendants' violations of the Agricultural Workers Protections Act ("AWPA"), and a variety of state law claims including : failure to pay overtime and minimum wages, failure to pay wages for split

1

1  shifts, missed rests and meal periods, failure to pay vacation pay, failure to reimburse employee
2  expenses, failure to pay wages when due, breach of contract and derivative remedies.  Second,
3  the case is brought pursuant to the procedures of the California Labor Code Private Attorney
4  General Act § 2598 ("PAGA") to recover civil penalties for aggrieved employees.
5      Pursuant to the April 15, 2008 Scheduling Order, discovery is limited to class
6  certification issues.  On April 23, 2008, Plaintiffs issued production of documents in which the
7  payroll and timekeeping records of potential class members were requested.  On June 9, 2008,
8  Defendants objected to the request.
9      In the instant motion, Plaintiffs are requesting that Defendants produce the documents
10 forthwith and that court award Plaintiffs $5,250.00 in sanctions against Defendants for failure to
11 comply with their discovery obligations.  Defendants oppose Plaintiffs' motion and request that
12 the court award sanctions against Plaintiffs in the amount of $2,500.00.

## DISCOVERY AT ISSUE

14     There is one request at issue in this motion to compel :

15     **Request No. 23**: All documents identifying, relating to and constituting payroll records of employees (including but not limited to time cards) for the relevant time period, including without limitation DOCUMENTS RELATING TO:

- a. The beginning and ending of each work period;
- b. Beginning and ending of each meal period;
- c. Split shift intervals;
- d. Total daily hours worked;
- e. Meal periods during which operations cease; and
- f. Wages paid each payroll period or other compensation actually furnished to all employees.

**Response:** Objection. As phrased this request is vague, ambiguous, over broad, compound, and burdensome. Further objection is made to the extent this request violates the United States Constitution and California Constitution, including but not limited to invasion of privacy rights of former and current employees.  Further, to the extent this request seeks information protected by Defendants' right to privacy, objection is also made.  Without waiving any objections, responding party produces documents identified as Bates JAI 7 through JAI 44, JAI 51 through JAI 64; JAI 74 through JAI 99; JAI 107-168; and JAI 179 through JAI 198 which represent copies of all time and payroll records

>maintained by defendant Jai Alai Dairy, related to currently named plaintiffs. Documents are produced in the form maintained by said defendant unless maintained in an electronic format, then such documents are produced in hard copy form.

A. <u>Plaintiffs' Position</u>

Plaintiffs argue that Defendants' purpose in refusing to produce the documents is to gain a strategic advantage in the case. The request is not vague ambiguous, overly broad, or burdensome. Defendants produced the same documents related to the defined class members without difficulty. Further, Defendants have asserted there are a total of 57 members in the class. If the produced documents are a reliable indication of the number of pages expected for class members, the approximate number of pages would be 3534.[1]  Plaintiffs assert that the documents are at the core of certifying the class and will be necessary for adjudication of the liability in this case. Additionally, California law mandates that employers maintain and preserve payroll records so that the state and other agencies can inspect them and ensure efficient enforcement of the wage and hour laws. It follows that this information should be made available to individuals bringing wage and hour claims on behalf of themselves or a class.

In addition to the above, Plaintiffs have agreed to sign a protective order to protect this information and to redact employees' names as long as enough information is available to permit a thorough analysis of the information. Plaintiffs argue that these privacy intrusions would be modest given these restrictions. Moreover, justification for producing the information is strong since the information is critical to determining typicality and commonality for purposes of class certification. Finally, the information is necessary to put the parties on equal footing in investigating the putative class claims and moving for class certification.

Plaintiffs anticipated that the case would resolve through mediation, however, Plaintiffs allege that they were abruptly informed by Defendants that they would not participate in mediation. Defendants have also refused to stipulate to moving Plaintiffs' deadline to file their

---

[1] This amount would likely be lower since Defendants have already produced approximately 150 pages for the named class members and Defendants did not start keeping track of time until December 2007.

motion for class certification.

B. <u>Defendants' Position</u>

Defendants argue that they gave Plaintiffs the names and contact information of all current and former employees in April and May 2008. Therefore, Plaintiffs had the ability to contact the non-party employees to either join them in the litigation, or obtain waivers of their privacy rights. Defendants have already provided the additional financial information for the named Plaintiffs and have agreed to provide the information for Plaintiffs who join the litigation. Defendants' disclosure of payroll and time records without a waiver would violate the privacy rights of the non-party employees. Plaintiffs' proposal to accept redacted copies of the non-party records is insufficient because the information is particularly sensitive. Moreover, since Plaintiffs already have the names and dates of employment of all employees, it would be easy to determine the actual identity of the employees by comparing the payroll records to the employment dates already provided. Defendants are also aware that Plaintiffs have sent some of the employees letters or contacted them regarding the class action. To date, Plaintiff has not provided Defendants with information regarding any non-parties' interests in participating in the litigation or in waiving their privacy rights.

Defendants also argue that the demanded time card and financial records alone will not reflect whether or not any labor violations have occurred. In order to make this determination, Plaintiffs require additional records from the employees' personnel files. For example, the requested documents will not disclose the status of the particular employee and whether they are exempted or treated differently under law. Defendants also argue that this requested information is irrelevant because Defendants have never employed migrant, seasonal, or temporary employees and the provisions of AWPA are not applicable to the Defendants.

Finally, Defendants also argue that Plaintiffs are responsible for any delays in this litigation. On May 22, 2008, Defendants confirmed their willingness to participate in mediation. However, Plaintiffs did not contact Defendants about mediation until June 23, 2008. At this time, Defendants learned that mediation was conditioned upon the disclosure of the non-party employment information at issue in this motion. After consulting with her clients on July 3,

2008, Defendants' counsel contacted Plaintiffs' attorney and advised him of Defendants' inability to agree to the release of the information. Plaintiffs did not file the instant motion until July 25, 2008. Plaintiffs' accusations of Defendants' bad faith based on their refusal to stipulate to an extension of the court imposed deadline is unfounded. Plaintiffs do not want to delay these proceedings because Defendant Dennis Petrissans has been diagnosed with cocciperitontis (Valley Fever) and stress aggravates his condition. Furthermore, Defendants provided Plaintiffs with the necessary information to file their motion for class certification in April and May. To the extent that Plaintiffs now face a deadline, it is of their own making. Defendants should not now be penalized with a shortened period of time to produce documents. Defendants anticipate that production of salary printouts may take a week. Production of documents for San Bernardino employees will require at least that length of time or longer. See, Declaration of Nancy Petrissans dated August 4, 2008. (Doc . 18-3).

## **DISCUSSION**

A. Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

It is the court's duty to give the parties an opportunity to supply the district court with all of the information that it may find relevant in making a class certification determination. Folding Cartons, Inc. v. American Can Co., 79 F.R.D. 698, 700 (N.D. Ill. 1978). The requested information is relevant and discoverable for purposes of class certification since the documents provide information regarding the numbers of hours worked and the amount employees were

paid. Hill v. Eddie Bauer, 242 F.R.D. 556, 561-562 (C.D. Cal. 2007) (Documents consisting of time and wage records are relevant for purposes of class certification since they assist the court in showing numerosity and commonality).[2] The Defendants argue that to the extent that Plaintiffs rely on AWPA for the request, the documents are not relevant because they do not employ migrant or seasonal workers. However, other than briefly citing 29 U.S.C. § 1802, Defendants have not provided the court with any other authority to support this claim, nor have they filed a motion to dismiss this cause of action. Without more authority, Defendants have not met their burden to show that the documents are not relevant for purposes of discovery.

Although the documents are relevant, there are also privacy concerns that need to be addressed. Although the right to privacy is not a recognized privilege, it is usually a consideration by courts in discovery disputes. Ragee v. MCA Universal Studios, 165 F. R.D. 601, 604 n. 3 (C.D. Cal. 1995). However, the right is not absolute and may be subject to invasion depending on the circumstances. Oakes v. Halvorsen Marine Ltd., 279 F.R.D. at 284. Thus, the right to privacy is subject to the balancing of needs. F. Jadwin, D.O. County of Kern, 2008 WL 2916386 *1 (E.D. Cal. 2008). Since this case involves a relatively small group of individuals, the best way to balance the interests of the parties is for Defendants to produce the requested information only for members who wish to participate in this litigation. This will provide Plaintiffs with a more realistic sampling of the class and will also minimize the release of private information of disinterested parties.

As such, the parties shall jointly draft a letter that will be sent to all class members informing them that the requested information will be released to Plaintiffs unless the class members indicate that they do not want their information released. See, Ho v. Ernst & Young, LLP, 2007 WL 1394007 *2 (N.D. Cal. May 9, 2007). (Court requiring similar "opt out" notices be sent to all potential members of the class). Defendants shall provide the requested information only for those individuals who do not opt-out. All of the released information shall be subject to a joint protective order drafted by the parties which will restrict the dissemination of

---

[2] In showing that each of the four requirements of Rule 23(a) have been met, Plaintiffs must establish numerosity, commonality, typicality, and adequate representation. Fed. R. Civ. P. 23(a).

1  information once it is obtained.  This procedure will provide information to the court about the
2  size of the class which will be helpful not only for purposes of the class certification motion, but
3  will also save time if the class becomes certified.   All responses should be sent to a third party
4  administrator.
5       It is noted that at the hearing the court indicated that Defendants should redact any
6  identifying information when the requested records are produced.  However, upon further
7  consideration, it is only necessary to redact social security numbers since individuals will be
8  given the opportunity of opting out and any information will be subject to a protective order.
9  B. Sanctions
10      Pursuant to Fed. R. Civ. P. 37(d), the Court shall require the party failing to act or the
11 attorney advising that party or both to pay the reasonable expenses including attorney's fees,
12 caused by the failure unless the Court finds that the failure was substantially justified or the other
13 circumstances make an award of expenses unjust.  An award of expenses does not require a
14 showing of wilfulness or improper intent; rather the standard is whether there was a substantial
15 justification for the losing party's conduct. Id. Even without a prior discovery order, discovery
16 misconduct may be punished under the Court's "inherent powers" to manage its affairs.
17 *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).
18      In this case, Defendants actions were substantially justified in objecting to the release of
19 information. Similarly, Plaintiffs' proposed solutions to protect the privileged information was
20 also reasonable. It appears that the delay in resolving this issue was due in part to both parties'
21 lack of communication regarding the scheduling and parameters of mediation. Accordingly, both
22 parties' requests for sanctions for attorney's fees is DENIED.

23                                         **CONCLUSION**

24      Based on the above, Plaintiffs' Motion to Compel filed on July 28, 2008 is GRANTED
25 IN PART.  IT IS HEREBY ORDERED :
26      1)   Plaintiffs shall send out opt-out letters as described above no later than
             **September 12, 2008**.  Class members must respond no later than **October 14,**
27           **2008** if they do not want their information released.  Defendants shall provide the
             requested documents to Plaintiffs no later than **October 28, 2008** for those
28

employees that do not opt-out.³ The parties shall work together to ensure that the most recent addresses of potential class members are identified;

2) The parties are to file a proposed stipulated protective order which defines the parameters of the limited release of this information no later than **September 8, 2008**;

3) The new discovery deadline for certification issues only is **October 30, 2008.** Plaintiffs shall file their motion for class certification no later than **November 30, 2008.** Defendants shall file any opposition no later than **December 31, 2008.** An optional reply must be filed no later than **January 15, 2009.** A hearing on the motion for class certification will be held before the Honorable Lawrence J. O'Neill in Courtroom 4 on **January 27, 2009 at 8:30 am**;

4) All other dates issued in this court's order dated August 6, 2008, related to class certification are hereby VACATED;

5) Plaintiffs' request for sanctions in the amount of $5250.00 is DENIED;

6) Defendants request for sanctions in the amount of $2500.00 is DENIED; and

7) Because some exhibits attached to the Declaration of Sue Ann Cercone dated August 4, 2008 filed in opposition to this motion list contact information of potential class members, the CLERK of the COURT is DIRECTED to seal Exhibits A, B, C, and D of the declaration (Doc. 18-2) pursuant to Local Rule 39-141(a).

IT IS SO ORDERED.

Dated:   **September 5, 2008**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

---

³ The court notes that these dates are different than those expressed at the hearing on August 29, 2008 due to the fact that the parties are still negotiating the content of the letter.

8