1
2
3
4
5
6
7
8
9
10
11

UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

12

GABRIEL CHAVEZ, JOSE GARCIA,
FRANCISCO MURGUIA, JUAN MANUEL
BERUMEN and JUAN AGUILERA AYALA,
on behalf of themselves and all other similarly
situated individuals,

        PLAINTIFFS,

   vs.

DENIS PETRISSANS and NANCY
PETRISSIANS (doing business as "Jai Alai
Diary"),

       Defendants.

No. 1:08-cv-00122-LJO-GSA

**ORDER:**

**(1)  CONDITIONALLY
CERTIFYING SETTLEMENT
CLASS;**

**(2)  PRELIMINARILY APPROVING
CLASS SETTLEMENT;**

**(3)  APPOINTING CLASS
REPRESENTATIVES AND
CLASS COUNSEL;**

**(4)  APPROVING CLASS NOTICE
AND RELATED MATERIALS;**

**(5)  APPOINTING SETTLEMENT
ADMINISTRATOR; AND**

**(6)  SCHEDULING FINAL
APPROVAL HEARING**

Date:     September 28, 2009
Time:    8:30 a.m.
Judge:   Lawrence O'Neill
Courtroom:  4

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9

On September 28, 2009, a hearing was held on the motion of plaintiffs Gabriel Chavez, Jose Garcia, Francisco Murguia, Juan Manuel Berumen and Juan Aguilera Ayala ("Plaintiffs"), for conditional certification of a settlement class in this action, preliminary approval of the parties' proposed settlement, approval of the notice to be sent to the class about the settlement and the forms of class member settlement information and election not to participate in the settlement, approval of the claim form and consent to jurisdiction, and the setting of a date for the hearing on final approval of the settlement. Stan S. Mallison and Marco A. Palau of the Law Offices of Mallison & Martinez appeared by telephone for Plaintiffs; and Sue Cercone and Katie Franck of Marderosian Runyon Cercone Lehman and Armo appeared by telephone for Defendants.

10
11

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

12

IT IS ORDERED:

13
14
15
16
17
18

1.      The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Agricultural Workers Protection Act, 29 U.S.C. § 1801 *et seq.*; and related California wage-and-hour law; the Court has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do plaintiffs' federal-law claims.

19
20
21

2.      The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

22
23
24
25
26
27
28

3.      The Court hereby preliminarily approves the Settlement Agreement.  (Doc. 61 and Exhibits attached.)  The parties' Settlement Agreement (the "Settlement") (Declaration of Stan S. Mallison in Support of Joint Motion for Order: (1) Conditionally Certifying Settlement Class; (2) Preliminarily Approving Class Settlement; (3) Appointing Class Representatives and Class Counsel; (4) Approving Class Notice and Related Materials; (5) Appointing Settlement Administrator; and (6) Scheduling Final Approval Hearing ["Mallison Decl."], Exh. 1) is granted preliminary approval as it meets the criteria for preliminary settlement approval.  The Settlement falls within the range of possible

approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4.     The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable.  The parties' proposed Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Class Notice") (Settlement Agreement, Exh. 2), and proposed forms of Claim Form and Election Not to Participate in Settlement (*id*., Exhs. 3 and 4)) (collectively the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

5.     The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> All persons who are of have been employed by Jai Alai in the State of California as non-exempt employees from January 24, 2004 to until September 31, 2009.

6.     Any Class Member who submits a timely and valid Claim Form within thirty days after the date the Settlement Administrator mails the Class Notice Packet will receive a Settlement Share.

7.     Any Class Member who wishes to comment on or object to the Settlement or who elects not to participate in the Settlement has until thirty days after the mailing of the Class Notice Packet to submit his or her comment, objection, or Election Not to Participate in Settlement pursuant to the procedures set forth in the Class Notice.

8.     Rust Consulting, Inc., is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

9.     Plaintiffs Gabriel Chavez, Jose Garcia, Francisco Murguia, Juan Manuel Berumen and Juan Aguilera Ayala are appointed Class Representatives.  Stan S. Mallison, Hector R. Martinez, Marco A. Palau, and the Law Offices of Mallison & Martinez are appointed Class Counsel.

10.     The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties.  Proof of distribution of

notice will be filed by the parties at or prior to the final approval hearing.

11.    Jai Alai is directed to provide the Settlement Administrator not later than fourteen days after the date of this order the Class Data as specified by the Settlement Agreement.

12.    The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members not later than ten days after receipt of the Class Data from Jai Alai.

13.    A final hearing will be held on December 14, 2009, at 8:15 a.m. in Department 4 to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members.    The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representatives' request for Class Representative Payment and Class Counsel's request for the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment.    Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative Payment and the Class Counsel  Fees Payment and Class Counsel Litigation Expenses Payment, if they so desire, as set forth in the Class Notice.

14.    Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.    For any comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection.    Such comments must be filed with the Court, and mailed to Class Counsel, not later than thirty days after mailing of the Class Notice Packet.

15.    The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.    The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.


Dated: September 28, 2009


                                        /s/ Lawrence J. O'Neill
                                _____
                                        LAWRENCE O'NEILL
                                        United States District Judge

LSETTLEMENT
U.S.D.C., E.D. CAL., NO. 1:08-CV-00122-JLO-GSA