1

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   GABRIEL CHAVEZ, et al.,                    CASE NO. CV F 08-0122 LJO GSA

10                Plaintiffs,                   **ORDER AND JUDGMENT:**

11                                              (1) CONFIRMING CERTIFICATION OF
                                                    SETTLEMENT CLASS;
12      vs.

                                                (2) GRANTING FINAL APPROVAL TO CLASS
13  DENNIS PETRISSANS, et al.,                      ACTION SETTLEMENT;

                Defendants.
14                                              (3) APPROVING CLASS REPRESENTATIVES
                                                    INCENTIVE PAYMENTS;
15
                                                (4) APPROVING CLASS COUNSEL FEES AND
16                                                  COSTS;

17                                              (5) APPROVING SETTLEMENT
                                                    ADMINISTRATOR FEES;
18
                                                (6) APPROVING PAYMENT OF PAGA
19                                                  PENALTIES,

20                                              (7) APPROVING INITIAL DISTRIBUTION
                                                    PAYMENT
21
                                                (8) ENTERING FINAL JUDGMENT
22
    _____/
23

24        On December 14, 2009, a hearing was held on the motion by Plaintiffs Gabriel Chavez, Jose

25  Garcia, Francisco Murguia, Juan Manuel Berumen, and Juan Aguilera Ayala ("Plaintiffs") for Final

26  Certification of a settlement class in this action, final approval of the parties' proposed settlement,

27  approval of Class Representative incentive payments, approval of attorney's fees and costs, approving

28  settlement administrator's fees, approving the initial distribution payment, and ordering judgment in the

1

case. Stan S. Mallison and Hector Martinez of the Law Offices of Mallison & Martinez appeared for

Plaintiffs; and Kati Franck from the law offices of Marderosian, Runyon, Cercone, Lehman & Arno

appeared for Defendants Denis and Nancy Petrissans.  No objectors appeared at the time of hearing.

The Court having read and considered the papers on the motion, the arguments of counsel, and

the law, and good cause appearing therefore,

IT IS ORDERED, ADJUDGED AND DECREED:

1.      The Court has jurisdiction over this action and the parties' proposed settlement under 28

U.S.C. sections 1331 and 1367, as plaintiffs' original complaint was brought under the Agricultural

Workers Protection Act, 29 U.S.C. § 1801 et seq.; and related California wage-and-hour law; the Court

has original jurisdiction over plaintiffs' federal law claims; and the Court has supplemental jurisdiction

over plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences

as do plaintiffs' federal-law claims.

2.      For the reasons stated in the Order Granting Preliminary Approval, the Court finds that

the action meets all the requirements for class certification, and it is hereby ordered that the Settlement

Class is finally approved and certified as a class for purposes of settlement of this action. The Court finds

that the consideration for the proposed settlement is fair, adequate, and reasonable. The Court finds that

the settlement was not collusive, and that the parties have engaged in sufficient discovery to understand

the strengths and weaknesses of their own and their opponent's cases.  The Court finds that the lawyers

representing the parties were competent and experienced counsel, and that no party has been subjected

to any undue influence in reaching the settlement.

3.      The parties' Settlement Agreement (the "Settlement") (Doc. 61, attached as Ex. 1 to

Declaration of Stan S. Mallison in Support of Joint Motion for Order: (1) Conditionally Certifying

Settlement Class; (2) Preliminarily Approving Class Settlement; (3) Appointing Class Representatives

and Class Counsel; (4) Approving Class Notice and Related Materials; (5) Appointing Settlement

Administrator; and (6) Scheduling Final Approval Hearing ["Mallison Decl."]) is granted final approval

as it meets the criteria for final settlement approval.  The Settlement falls within the range of possible

approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed

negotiations and to treat all Class Members fairly.

4.      The parties' Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, Hearing Date for Final Court Approval ("Class Notice"), and proposed forms of Claim Form and Election Not to Participate in Settlement (collectively the "Class Notice Packet") were sufficient to inform Class Members of the terms of the Settlement; their rights under the Settlement; their rights to object to the settlement; their right to receive a Settlement Share or elect not to participate in the Settlement; the processes for receiving a Settlement Share, electing not to participate in the Settlement or Objecting to the Settlement; and the date and location of the final approval hearing. Therefore, the Court finds and determines that the parties' notice procedures were completed and were constitutionally sound, because individual notices were mailed to all class members whose identities are known to the parties, and such notice was the best notice practicable.

5.      The following class of persons are certified as the Class in this action solely for the purposes of the Settlement:

> All persons who are or have been employed by Defendants in the State of California as non-exempt employees from January 24, 2004 until September 28, 2009.

6.      All Class Members who submitted a timely and valid Claim Form within thirty days after the date the Settlement Administrator mailed the Class Notice Packet will receive a Settlement Share.

7.      Class Members were provided with the opportunity to comment on, or object to, the Settlement, as well as to elect not to participate in the Settlement. No Class Members filed written objections to the Settlement as part of the parties' notice procedures or stated an intent to appear at the final approval hearing.  No objector appeared at the fairness hearing.

8.      Rust Consulting, Inc. is awarded $18,216 for all of its tasks as Settlement Administrator, pursuant to the terms set forth in the Settlement.

9.      Class Representatives Gabriel Chavez, Jose Garcia, Francisco Murguia, Juan Manuel Berumen, and Juan Aguilera Ayala each are awarded $5,000 as incentive payments pursuant to the terms set forth in the settlement.

10.      Class Counsel, Mallison & Martinez, are awarded $83,333 in attorneys fees and $8,233 in costs for their work and costs incurred in prosecuting this case.

1   11.  The California Labor Code Private Attorney General Act payment of $10,000 to the State

2 of California is approved.

3   12.  The initial payment of $50,000 by defendants is to be distributed in the following manner:

4
| Litigation Costs - | $8,233 |
| ½ Claims Administrators' fees - | $9,108 |
| ½ Class Rep Incentive payment - | $12,500 ($2,500 each) |
| Attorneys' fees - | $20,159 (approx. 24% of fees) |

7   13.  By means of this Final Approval Order, this Court hereby enters final judgment in this

8 action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

9   14.  This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees

10 except as provided by the Settlement.

11   15.  The Court retains jurisdiction to consider all further applications arising out of or in

12 connection with the Settlement.

13 IT IS SO ORDERED.

14 **Dated:** **December 14, 2009**    /s/ Lawrence J. O'Neill
                UNITED STATES DISTRICT JUDGE